Grace H. Leaverton, Appellant, v. John A. Myers, Appellee.

(Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 2, 1914. Rehearing denied October 7, 1914.

## Statement of the Case.

Action in assumpsit by Grace H. Leaverton against John A. Myers to recover for four months' rent under a lease. It appeared that the defendant was occupying a flat under a renewal of a lease, that he vacated the premises, and that the suit was for two hundred dollars for the rent for the four months after such vacation. There was also evidence that the plaintiff failed to make certain repairs and repudiated an agreement to make such repairs, and that the plaintiff failed to have noise caused by tenants in an upper flat discontinued, causing discomfort to the defendant's wife, who was ill. The defendant's plea alleged the surrender of the premises and the plaintiff's acceptance of the same. The jury found the issues for the defendant and judgment was rendered in his favor, whereupon the plaintiff appealed.

SMITH & FRIEDMEYER, for appellant.

GILLESPIE & FITZGERALD, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

LANDLORD AND TENANT, § 449*—*when evidence sufficient to show surrender of premises.* In an action for rent, where the evidence

was conflicting as to what was said and done between the lessor and lessee and their agents as to the surrender of the premises and the making of a new lease for another flat, the questions were for the jury, and the verdict would be sustained when not manifestly against the weight of the evidence.

## John Y. Chisholm, Trustee, Appellee, v. First National Bank of Leroy, Appellant.

1. BANKRUPTCY, § 23*—*when evidence sufficient to show preference.* In an action to recover the amount of an alleged unlawful preference under the provisions of the Bankruptcy Act, where the evidence did not show clearly whether the bankrupt was insolvent at the time of the preference, the question whether the defendant knew or had reasonable cause to believe that such bankrupt was insolvent and that it would receive a preference from the proceeds of the sale of an elevator and crib of corn and certain drafts was for the jury, its finding in the affirmative being supported by the evidence.

2. BANKRUPTCY, § 21*—*what constitutes preference.* Where the sale of a bankrupt's property was made to satisfy a debt of a defendant and not voluntarily, the application of the proceeds not being because of mutual debts, or a debt in the nature of a running account, the payment constituted an illegal preference.

3. APPEAL AND ERROR, § 492*—*when erroneous judgment cannot be objected to.* Error in the entry of a judgment in excess of the amount claimed in a declaration is waived when there is no objection in the lower court, since the question cannot be first raised on appeal.

4. BANKRUPTCY, § 27*—*what evidence admissible to show preference.* In an action against a bank to recover the amount of an unlawful preference, where the defendant claimed that it ceased to make payments on checks because the bankrupt began doing business with another bank, a receipt for money deposited with another bank was properly admitted when its purpose was only to show that the deposit was not general but in trust for creditors.

5. BANKRUPTCY, § 27*—*when bankrupt's schedule of debts admissible in evidence.* In an action against a bank to recover the amount of an alleged unlawful preference, the admission in evidence of the schedule of debts and creditors filed in the bankruptcy

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.